IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**JULIE BUCKLEY,**

        Plaintiff,

v.                                         **CIV. ACT. NO. 5:24-CV-96**
                                                    Judge Bailey

**MARTIN O'MALLEY,** Commissioner
of Social Security,

        Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 12]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on November 20, 2024, wherein he recommends that Plaintiff's Motion for Summary Judgment [Doc. 6] be granted in part and denied in part and Defendant's Motion for Summary Judgment [Doc. 8] be granted in part and denied in part. Magistrate Judge Mazzone also recommends that this matter be remanded to the ALJ.

### I. BACKGROUND[1] & STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo*

---

[1] This Court fully adopts and incorporates herein the "Factual/Procedural History" section of the R&R. *See* [Doc. 12 at 1–2].

review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt of the R&R, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Defendant timely filed his Objection on November 26, 2024. *See* [Doc. 13]. Plaintiff filed her Response to Defendant's Objection on November 30, 2024. *See* [Doc. 14]. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. JUDICIAL REVIEW OF AN ALJ DECISION

"Judicial review of a final decision regarding disability benefits is limited to determining whether the findings . . . are supported by substantial evidence and whether the correct law was applied." *See* 42 U.S.C. § 405(g). An ALJ's findings will be upheld if supported by substantial evidence. *See* **Milburn Colliery Co. v. Hicks**, 138 F.3d 524, 528 (4th Cir. 1998). The phrase "supported by substantial evidence" means "such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *See*

*Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" *Sec'y of Labor v. Mutual Mining, Inc.*, 80 F.3d 110, 113 (4th Cir. 1996) (citing *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1996)). The issue is not whether a claimant is disabled, but whether the ALJ's finding of disabled or not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). Ultimately, it is the duty of the ALJ reviewing a case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence. *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979). "This Court does not find facts or try the case de novo when reviewing disability determinations." *Id*.

## IV. FIVE-STEP EVALUATION PROCESS

To be disabled under the Social Security Act, a claimant must meet the following criteria:

> [The] individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial

gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. . . . '[W]ork which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

42 U.S.C. § 423(d)(2)(A). The Social Security Commissioner uses the following five-step sequential evaluation process to determine whether a claimant is disabled:

(i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.

(ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement . . . or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.

(iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings . . . and meets the duration requirement, we will find that you are disabled.

(iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.

(v) At the fifth and last step, we consider our assessment of your residual

functional capacity and your age, education, and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. In steps one through four, the burden is on the claimant to prove that he or she is disabled and that, as a result of the disability, he or she is unable to engage in any gainful employment. ***Richardson v. Califano***, 574 F.2d 802, 804 (4th Cir. 1978). Once this is proven, the burden of proof shifts to the Government at step five to demonstrate that jobs exist in the national economy that the claimant is capable of performing. ***Hicks v. Gardner***, 393 F.2d 299, 301 (4th Cir. 1968). If the claimant is determined to be disabled or not disabled at any of the five steps, the process will not proceed to the next step. 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920.

### III. DISCUSSION

Defendant's sole objection is to Magistrate Judge Mazzone's determination "that the ALJ's decision did not provide an adequate explanation for finding Plaintiff's non-severe mental impairments did not result in any meaningful, work-related limitations." [Doc. 13 at 1 (citing [Doc. 12 at 7–10])]. Defendant argues that the ALJ considered plaintiff's non-severe mental impairments in step two, where she "considered all the claimant's medically determinable impairments, including those that are not severe, when assessing the claimant's residual functional capacity." [Doc. 13 at 10 (citing [Doc. 4-2 at 170])]. Therefore, defendant states, "[s]o long as the ALJ's decision 'reflects careful consideration of the record evidence and provides reasons connecting that evidence to the conclusions

it reached about [the claimant's] [residual functional capacity], the judiciary has everything it needs to undertake its review of that decision for substantial evidence.'" [Doc. 13 at 6 (citing *Turner v. Comm'r of Soc. Sec.*, 2024 WL 2764722, at *5 (4th Cir. May 30, 2024))].

Plaintiff contends, in her Response, that defendant's Objection to the R&R is "mere repetition of the same arguments already rejected by the R&R." [Doc. 14 at 4]. This Court agrees, and notes that Magistrate Judge Mazzone specifically addresses the subject of this objection in the R&R. [Doc. 12 at 8–9]. Magistrate Judge Mazzone acknowledges that the ALJ explained plaintiff's non-severe impairments in step two, and then stated that the "mental residual functional capacity assessment" in steps four and five "requires a more detailed assessment." [Id. at 8 (citing [Doc. 4-2 at 173])]. "However, the ALJ did not provide a more detailed mental residual functional capacity assessment at steps 4 and 5 of the opinion." [Id. (citing [Doc. 4-2 at 173-179])]. Residual function capacity assessments must include a discussion of the evidence that supports each conclusion. *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (citing SSR 96–8p, 61 Fed.Reg. 34,474, 34,475 (July 2, 1996)). When, alternatively, the Court is "left to guess about how the ALJ arrived at his conclusions," then "remand is necessary." *Mascio v. Colvin*, 780 F.3d 632, 637 (4th Cir. 2015).

This Court agrees with Magistrate Judge Mazzone that the ALJ's decision did not provide an adequate analysis of plaintiff's non-severe mental impairments in the residual functional capacity assessment, and did not provide an explanation for why that analysis was omitted.

## IV. CONCLUSION

Aside from the arguments addressed herein, a *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, defendant's Objection [**Doc. 13**] is **OVERRULED** and the Report and Recommendation [**Doc. 12**] is hereby **ADOPTED**. This Court further **ORDERS** that Plaintiff's Motion for Summary Judgment [**Doc. 6**] is **GRANTED IN PART AND DENIED IN PART**, and Defendant's Motion for Summary Judgment [**Doc. 8**] is **GRANTED IN PART AND DENIED IN PART**. This Court further **ORDERS** that this matter be **REMANDED** to the ALJ for the reasons set forth more fully in the R&R. Finally, this Court **ORDERS** that this matter be **STRICKEN** from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein.

**DATED**: December 5, 2024.

JOHN PRESTON BAILEY
**UNITED STATES DISTRICT JUDGE**